**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **MACNEIL AUTOMOTIVE PRODUCTS LIMITED, an Illinois Corporation, d/b/a WEATHERTECH,** | ) | |
| **and** | ) | |
| **MACNEIL IP, LLC, an Illinois Limited Liability Company,** | ) | |
| **Plaintiffs,** | ) | **Case No.** |
| **v.** | ) | |
| **Three Star Racing, a/k/a threestarracing.com, Mr. Alexander Iscandar a/k/a Ally Akbar, and John Doe,** | ) | |
| **Defendants.** | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, MacNeil Automotive Products Limited d/b/a WeatherTech, ("WeatherTech"), and MacNeil IP LLC, by and through their undersigned counsel, and for their Complaint against Defendants (collectively "Three Star Racing") allege as follows:

## NATURE OF THE ACTION

1. This is an action against Defendants for copyright infringement.

## PARTIES

2. Plaintiff WeatherTech is a corporation organized under the laws of the State of Illinois with a principal place of business located at 1 MacNeil Court, Bolingbrook, Illinois. WeatherTech is a designer, manufacturer, marketer, distributor and retailer of automotive

accessories including, among other things, floor liners for the passenger area of vehicles, cargo liners for the cargo area of vehicles, rubber floor mats for vehicles, pickup truck bed liners and other automotive aftermarket products.

3. Plaintiff MacNeil IP LLC ("MNIP") is a limited liability company organized under the State of Illinois and has an address of 1 MacNeil Court, Bolingbrook, Illinois. MNIP is the owner of the copyrights asserted herein and has exclusively licensed those copyrights to WeatherTech. WeatherTech and MNIP are commonly controlled.

4. Upon information and belief, Defendants do business under the name of Three Star Racing. Defendant Alexander Iscandar a/k/a Ally Akbar is listed as the seller of the products on the threestarracing ebay page, stores.ebay.com/threestarracing/ (Exhibit 1). A Three Star Racing Facebook page (Exhibit 2) lists 123 Main St. Phoenix, AZ 85019, phone number (480) 300-4915 as the address for threestarracing.com. A copy of a sworn statement, dated October 28, 2015 from Alexander Iscandar to eBay (Exhibit 3), consents to service of process at 5348 380 Vegas Drive, Las Vegas, Nevada, 89108, phone number (702) 848-5800. Dreamhost.com is listed as the host for threestarracing.com website as identified by WHOIS search results[**url]** (Exhibit 4).

5. Upon information and belief, Defendant John Doe ("Doe"), is an individual who is legally responsible and liable for the acts, omissions and events referred to in this complaint. Defendant Doe is named herein by fictitious name because, although Plaintiffs have information and basis for belief that Defendant Doe exists, Plaintiffs do not yet know his true name and capacity. Plaintiffs suspect that "Alexander Iscandar" and "Ally Akbar" are fictitious names. When Plaintiffs learn Defendant Doe's true name and capacity, Plaintiffs will seek leave of this Court to amend this complaint by inserting same herein and having service upon this defendant.

Defendant Doe is named herein because on information and belief, Doe has acted with or through other defendants, or is using a false name with eBay and/or Facebook, and is responsible for damages to Plaintiffs as alleged in this complaint.

6. On information and belief, Defendants are and at all times herein mentioned were, the alter-egos, agents, employees, partners, joint-venturers, co-conspirators, owners, principals or employers of all other Defendants, and each of them, and are and at all times herein mentioned were acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture. The acts and conduct herein alleged of each such defendant was known to, authorized by and/or ratified by all other Defendants, jointly and severally.

## **JURISDICTION AND VENUE**

7. Plaintiffs reallege all preceding allegations.

8. This action is brought under the Copyright Act of the United States, 17 U.S.C. §501 et seq.

9. This Court has subject matter jurisdiction over this matter pursuant to 17 U.S.C. §501; 28 U.S.C. §1331 and 28 U.S.C. §1338 because Plaintiffs' claims arise under the laws of the United States.

10. This Court has personal jurisdiction over Defendants because they transact business in this District by, on information and belief, offering to sell and selling products, including vehicle floor liners, vehicle cargo liners, pickup truck bed liners, exhaust systems, diesel engine components and other automotive aftermarket products.

11. Defendants have created and operate an interactive website, operating as a "store" on eBay (stores.ebay.com/threestarracing/; *see* Exhibit 1), to offer products including vehicle floor liners, vehicle cargo liners, pickup truck bed liners, exhaust systems, diesel engine parts

and other automotive parts for sale, and solicit online orders from Illinois residents. Defendants are ready and willing to do business with customers within the State of Illinois. Defendants use eBay's shipping template to ship products to Illinois residents. Screenshots of the web site's shipping template are attached hereto as Exhibit 5. The shipping template includes a dropdown list of states, from which a consumer may select the State of Illinois, for the shipping address. By the adoption and use of this template, Defendants are purposely directing and expressly aiming their business activities to Illinois Residents.

12. Venue is proper in this District under 28 U.S.C §1391(b) because Defendants are subject to personal jurisdiction in, do business in and have committed acts of infringement in this District and have systemic and continuous business connections and contacts with this District and Plaintiffs are located in this District.

## FACTUAL BACKGROUND

13. Plaintiffs reallege all preceding allegations.

14. WeatherTech has created, through great expense and effort, photographs of its vehicle floor liners, vehicle cargo liners and pickup truck bed liners (the "Images"), each of which is an original work authored by WeatherTech. WeatherTech assigned its copyrights in the Images, to MNIP, its commonly controlled affiliate. MNIP in turn granted an exclusive license to WeatherTech to use the Images. WeatherTech or MNIP has obtained, from the United States Copyright Office, registrations of the copyright in the Images or published or unpublished collections of certain ones of the Images. True and correct copies of the copyright registrations are attached as Exhibits 6 – 13. WeatherTech is the legal owner of an exclusive right in the copyrights, and under 17 U.S.C. § 501(b) has the independent right to institute an action for infringement of the copyrights.

15. The effective dates of five of the registrations as set forth in Exhibits 6 - 10 precede the infringing acts of Defendants described below.

16. WeatherTech became aware that Defendants operate an online retail web site at stores.eBay.com/threestrarracing/ (the "eBay Store"). A screen capture of the Defendants' home page of this web site is attached as Exhibit 1.

17. As of October 4, 2016, and as determined by entering "WeatherTech" as a search term, Defendants' eBay Store offered 1,017 WeatherTech products for sale.

18. Consumers may buy WeatherTech products directly from the Defendants' eBay Store.

19. Defendants' eBay Store is a sophisticated and fully interactive site that allows customers to view items for sale by Defendants, purchase them and arrange for their payment and delivery all through the eBay site.

## COUNT I: COPYRIGHT INFRINGEMENT

20. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 19 hereof.

21. Each of the 1,017 WeatherTech products that Defendants have offered for sale on their eBay Store has a listing thereon, including a photograph of the product in question. Systematically, Defendants willfully copied the copyrighted photograph of the product in question, on information and belief directly from Weathertech's web site www.weathertech.com, and then altered the photograph before placing the photograph on their eBay Store.

22. Plaintiffs attach hereto as Exhibit 14 a representative photograph among the hundreds that Defendants have copied. The copyright in this photograph was registered under VA 1-784-279 and has an effective date of registration of June 13, 2011. The photograph's

name is “450661 450662 450668”, a naming convention derived from the part numbers of the three parts that the photo depicts.

23. Exhibit 15 is a true and correct grayscale copy of this photo as it appears in Defendants’ eBay Store. Defendants have altered the photo by putting a frame around it, placing a “THREE Star Racing” logo on top of the upper right quarter of the image, and placing a part number, “45066-1-2-8 Floor Mats Floorliner”, on top of a lower left quarter of the photograph. The part number is derived from the WeatherTech part numbers for the parts depicted.

24. Plaintiffs attach hereto as Exhibit 16 a table of approximately 650 photographs and the Certificates of Registration covering such photographs. Exhibit 16 lists, for each photograph, the Weathertech name of the photograph as registered, and Defendants’ part number for it. Exhibit 16 also gives the effective date on which the copyright in the photograph in question was registered.

25. Defendants copied each and every photograph listed in Exhibit 16. Further, Defendants made a respective derivative work of each and every photograph listed in Exhibit 16, altering it in the same manner as they altered Exhibit 14, and, after such alteration, publicly displayed each photograph listed in Exhibit 16 on their eBay Store. None of these acts were done with authorization of either Plaintiff. All were done willfully and deliberately.

26. By copying, making derivative works of and publicly displaying the Images from Plaintiffs’ copyrighted works, Defendants have willfully infringed Plaintiffs’ copyrights in the Images in violation of the U.S. Copyright Act, 17 U.S.C. §501 et seq.

27. Defendants’ wrongful use of the Images is deliberate, willful, and in reckless disregard of Plaintiffs’ copyrights, entitling Plaintiffs to the recovery of damages and Defendants’ profits in an amount to be proved at trial.

28. As set forth in Exhibit 16, and on information and belief, the effective dates of registration of the copyright in certain of the Images precede the date that Defendants commenced their infringement thereof. Therefore, relative to these Images, Plaintiffs are entitled to an award of its attorneys' fees under 17 U.S.C. § 505, and, as Plaintiffs may elect at any time before final judgment is rendered, and as an alternative to actual damages, statutory damages under 17 U.S.C. § 504, in a sum of not less than $750 and not more than $30,000 for each work so infringed, as the court considers just.

29. Because Defendants' infringement of Plaintiffs' pre-registered copyrights was willful, per 17 U.S.C. § 504(c)(2) Plaintiffs are further entitled to an increase of the award of statutory damages to an amount of up to $150,000, at the Court's discretion, for each work so infringed.

30. Defendants' copying, alteration and public display of Plaintiffs' copyrighted works has caused Plaintiffs irreparable damage. Defendants' infringements therefore directly have caused and will continue to cause a diminution in Plaintiffs' sales and profits on the imaged goods.

31. Plaintiffs spent much time and expense in photographing each of the imaged products – time and expense that Defendants did not have to spend. Defendants could have taken their own photographs of the imaged products, but chose to avoid that expense by copying Plaintiffs' copyrighted photographs instead. Defendants therefore are unjustly enriched by their unauthorized copying of Plaintiffs' Images.

32. If not preliminarily and permanently enjoined by the Court, Defendants' continued acts of copyright infringement will continue unabated, to Plaintiffs' irreparable injury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray:

A. That this Court grant preliminary and permanent injunctive relief enjoining Defendants and all others acting in concert with and having knowledge thereof, from reproducing, publicly displaying, creating derivative works based on, and otherwise using MNIP's copyrighted images, including but not limited to the display of such images on any web site or part thereof owned or controlled by any Defendant;

B. That this Court order Defendants to account to Plaintiffs any and all revenues and profits that Defendants derived from their wrongful actions and to pay all damages which Plaintiffs have sustained by reason of the acts complained of herein;

C. That this Court, relative to those photographs in which the copyright was registered prior to Defendants' infringement, order Defendants to pay statutory damages of up to $30,000 per photograph for the willful infringement of Plaintiffs' copyright pursuant to 17 U.S.C. § 504(c), as Plaintiffs may elect at any time before final judgment is rendered;

D. That this Court increase the amount of statutory damages awarded because of the willful nature of Defendants' infringement, up to an amount of $150,000 per photograph;

E. That this Court award Plaintiffs the costs of this action, pre and post- judgment interest, and reasonable attorneys' fees and expenses; and

F. That this Court grant Plaintiffs such other and further relief as the Court may deem just, proper and equitable under the circumstances.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

MACNEIL IP LLC

MACNEIL AUTOMOTIVE
PRODUCTS LIMITED
d/b/a WEATHERTECH

Dated: December 20, 2016 By: /s/ Robert S. Grabemann
One of Their Attorneys

Robert S. Grabemann
rgrabemann@daspinaument.com
Timothy M. Schaum
tschaum@daspinaument.com
DASPIN & AUMENT, LLP
300 South Wacker, Ste. 2200
Chicago, IL 60606
(312) 258-1600